IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANA ZELAYA FAJARDO, on behalf of herself and those similarly situated | : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| TFS FACILITY SERVICES GEORGIA, LLC, | : : : | CIVIL ACTION NO. 1:13-CV-3794-AT |
| Defendant. | : | |

## **ORDER**

The parties filed a Joint Stipulation of Dismissal with Prejudice [Doc. 21] in this matter on April 18, 2014. This case was brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, *et. seq.*, for alleged violations of the FLSA's overtime provisions.

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). Under the FLSA, there are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See* 29 U.S.C. § 216(c) Alternatively, employees' claims may be compromised in a private FLSA action for back wages

only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness." *Id.; see also Rakip v. Paradise Awnings Corp.,* 514 F. App'x 917, 919-20 (11th Cir. 2013) (finding that "*Lynn's Food* does not stand for the proposition that any valid settlement of a FLSA claim must take a particular form. It only means that the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee").

In the instant case, the parties filed the Joint Stipulation without seeking the Court's prior approval of the settlement reached, contrary to the requirements of applicable law.[1] The Court therefore conducted a telephone conference with the parties to discuss the terms of the settlement and directed the parties to submit for *in camera* review documentation regarding the parties' agreement and the basis of that agreement.

After review of the settlement agreement and related documentation pertaining to the terms of settlement as well as specific legal and evidentiary issues posed by the case, the Court finds the settlement agreement is the product of arm's length bargaining of qualified counsel.  This settlement enables the parties to avoid recognized and real litigation risks posed by their respective positions.  The provisions of the Agreement are fair, adequate, and reasonable.

---

[1]   An effort to end-run well-established requirements for Court approval of FLSA settlements to avoid judicial scrutiny or maximize employer confidentiality is not acceptable. The Court cautions counsel not to proceed in this manner in the future.

**THEREFORE**, the Court **APPROVES** the Settlement Agreement as a fair, reasonable, and adequate resolution of this action. The Stipulation of Dismissal is therefore **APPROVED.**

**IT IS SO ORDERED** this 13th day of May, 2014.

_____
**Amy Totenberg**
**United States District Judge**